LAWSON, J.,
dissenting.
While I agree with most of the analysis in Judge Evander’s opinion, I disagree with his ultimate conclusion. As Judge Evander notes, deputies lawfully entered Hernandez’ apartment to arrest him on felony charges. The officers reasonably believed that Hernandez was in the apartment, and that he was armed and dangerous. Once deputies entered the apartment to effectuate Hernandez’ arrest, I believe that the cases cited in Judge Evander’s opinion also authorized a cursory inspection of the single locked room — to protect themselves in the event that Hernandez was planning an armed ambush from that location.
Judge Evander ultimately determines that entry into the locked room was unconstitutional based solely upon his conclusion that “the dangerous circumstances arising from the potential of Hernandez hiding in the locked room were known by the officers prior to their entry into the apartment.” In my view, however, the key fact making the limited sweep necessary did not develop until after entry, when deputies did not immediately encounter Hernandez in an open area of the apartment which, I think, is what they would have reasonably expected. All that they had been told was that one room stayed locked, and that the purported victim had never been in it. To me, that does not suggest that Hernandez would necessarily (or even probably) be in that room. Rather, I be *710 lieve that the totality of the circumstances known to the deputies prior to entering the apartment suggested that Hernandez would probably not be in the one room that stayed locked at all times (so that even a co-occupant of the apartment would never have access to it).
More importantly, I do not believe that the legality of a sweep conducted incident to a lawful search should turn on an after-the-fact break-down of “possible” dangers that could or should have been better anticipated. Rather, I believe that we should more broadly ask whether the officers acted reasonably under the totality of the circumstances when conducting the lawful search.[5] Here, I believe that they did.

. See, e.g., U.S. v. Hauk, 412 F.3d 1179, 1191 (10th Cir.2005) (noting that a protective sweep is authorized when "the totality of the circumstances supports the reasonableness of the ... sweep.").